750 F.2d 719
 Berenice MOSS, Executor of Estate of Phillip Moss, Deceased, Appellant,
v.
UNITED STATES of America, Appellee.
Berenice MOSS, Administrator of the Estate of Marc Cory
Moss, Deceased, Appellant,
v.
UNITED STATES of America, Appellee.
Helen Joan NIX, Administrator of the Estate of Johnnie
McDonald Nix, Deceased, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 84-1345.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1984.
Decided Dec. 26, 1984.
 
 George A. LaMarca, West Des Moines, Iowa, for appellant.
 Jan Von Flatern, Dept. of Justice, Washington, D.C. (argued), Richard C. Turner, Christopher D. Hagen, Asst. U.S. Attys., Des Moines, Iowa, and Emily M. Trapnell, Dept. of Justice, Washington, D.C., for appellee.
 Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helen Joan Nix, administrator of the estate of Johnnie McDonald Nix, and Berenice Moss, administrator of the estate of Marc Cory Moss and executor of the estate of Phillip Moss, appeal from a final judgment entered in the District Court[1] for the Southern District of Iowa after a non-jury trial finding that appellants failed to establish by a preponderance of the evidence that the crash of decedents' aircraft was proximately caused by the negligence of the United States. For reversal appellants argue that several of the district court's findings of fact are clearly erroneous. For the reasons discussed below, we affirm.
 
 
 2
 Appellants commenced this action pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) (1982), seeking money damages arising from the crash of a private aircraft and the death of the pilot and its passengers, decedents in this case.
 
 
 3
 At trial appellants and the government presented a considerable amount of complex technical evidence concerning the instrument landing system (ILS) installed and maintained by the Federal Aviation Administration (FAA) at the Kansas City Municipal Airport (MKC) and the conduct of the air traffic controllers at MKC on the day of the crash. We will summarize briefly the district court's findings of fact.
 
 
 4
 On February 22, 1979, at approximately 8:44 a.m., Phillip Moss, Marc Cory Moss, and Johnnie Nix departed from Des Moines Municipal Airport in a Cessna Model 421A twin engine aircraft enroute to Kansas City. Although the aircraft was in clouds throughout the trip, the flight was routine and uneventful until shortly after the aircraft approached MKC. At approximately 9:54 a.m. Moss received clearance from the MKC air traffic control tower to land at runway 18 utilizing the ILS. The aircraft never reached the runway. Sometime after it was cleared to land the aircraft struck trees on a bluff and crashed approximately 1.9 miles from the end of runway 18 and off course about 1,800 feet to the right of course.
 
 
 5
 An ILS is a precision instrument approach system that aids a pilot flying instrument flight rules (IFR) to approach an airport runway. The ILS at MKC is composed of two separate components: the glide slope facility and the localizer facility.
 
 
 6
 The glide slope facility transmits radio signals to properly equipped aircraft, providing altitude guidance for an aircraft's final approach. The glide slope facility consists of two transmitters (one serves as a back-up) and two monitors. Should both transmitters be "out of tolerance," the system will shut down completely.
 
 
 7
 An aircraft equipped with ILS receives radio signals from the glide slope transmitters on a cockpit instrument called a horizontal situation indicator or a course deviation indicator. By following a needle on the face of these indicators, the pilot can determine the aircraft's proper flying altitude during landing procedures.
 
 
 8
 The localizer facility also consists of two sets of transmitters, one serving as a back-up, and two monitors. Again, if both transmitters are out of tolerance, the equipment will shut down. The localizer facility sends a signal to a properly equipped aircraft on final approach providing lateral guidance so the aircraft can line up with the centerline of the runway. The localizer's radio signals are received on the aircraft's indicators. A second needle guides the pilot to fly the aircraft to the right or left in line with the center of a runway.
 
 
 9
 If the localizer or glide slope shuts down or loses signal strength, a conspicuously colored "off-flag" will appear on the aircraft's indicator indicating to the pilot that the ILS is not functioning.
 
 
 10
 On the day of the accident the airport control tower at MKC was staffed by a ground controller, a flight data/cab coordinator and a local controller. The local data position was not staffed on that day because that position is utilized only when visual meteorological conditions exist and numerous visual flight rule aircraft (as opposed to instrument flight rule aircraft) are being handled at MKC. Proper visual meteorological conditions did not exist to permit visual flight rule aircraft to land at MKC on the day of the crash.
 
 
 11
 Appellants argue that several of the district court's findings of fact are clearly erroneous. Specifically, appellants argue that the district court erred in finding that the ILS did not malfunction and did not guide the decedents' aircraft off course; that there were no other aircraft in the glide slope's critical area of the runway during decedents' approach to MKC; that the air traffic controllers monitored the progress of decedents' aircraft in a manner consistent with good practice; that the change in weather conditions was not received in time to communicate to decedents during their approach; that the change in weather conditions, if received in time, was not the proximate cause of the crash; and that the Minimum Safe Altitude Warning System alarm was not activated.
 
 
 12
 We have carefully reviewed the extensive record in this case and hold that the district court's findings of fact challenged by appellants are not clearly erroneous. Accordingly, we affirm on the basis of the district court's well-written opinion. See 8th Cir.R. 14.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa